## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 20 2018, 6:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark F. James
Anderson, Agostino & Keller P.C.
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lee M. Stoy, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Bryan Joseph Benway,
*Appellant-Defendant,*

*v.*

State of Indiana,
*Appellee-Plaintiff.*

July 20, 2018

Court of Appeals Case No.
18A-CR-66

Appeal from the St. Joseph
Superior Court

The Honorable John M.
Marnocha, Judge

The Honorable Paul E. Singleton,
Magistrate

Trial Court Cause No.
71D02-1704-CM-1955

**Bradford, Judge.**

# Case Summary

[1] In February of 2017, Bryan Benway went to the house he used to live in with Sara Singleton to retrieve some of his belongings. When told his belongings were no longer there, Benway pushed Singleton and punched her several times. David Rosanski intervened, and Benway struck him in the face. The State charged Benway with Class A misdemeanor domestic battery and Class B misdemeanor battery. After a bench trial, the trial court found Benway guilty as charged and sentenced him to an aggregate sentence of 361 days with 301 suspended. Benway contends that the State failed to rebut his claim that he acted in self-defense. Because we disagree, we affirm.

# Facts and Procedural History

[2] On February 11, 2017, Benway arrived unannounced at Singleton's father's house in South Bend and let himself in the front door without permission. Singleton and Benway had been in a relationship and lived together in the house until Benway was incarcerated briefly, and Benway was returning for his belongings. When Benway entered the house, Singleton and Rosanski were sitting in the living room. Benway and Singleton began to argue when she told him that none of his belongings were in the house. When Singleton asked Benway to leave, he pushed her to the ground and punched her in the face and head a "handful of times" with closed fists. Tr. Vol. I p. 12. Rosanski intervened by pulling Benway from Singleton. Benway hit Rosanski in the face, which split open his left eyebrow. Rosanski let go of Benway when Benway

said he was done fighting, and Benway attempted to attack Singleton again. Rosanski restrained Benway again, and he finally left. Police who responded observed multiple abrasions on Rosanski's face and redness and swelling on Singleton's right cheek and a red mark on her head near her temple.

[3] On May 1, 2017, the State charged Benway with Class A misdemeanor domestic battery and Class B misdemeanor battery. At trial on November 17, 2017, Benway testified that he had acted in self-defense, testimony the trial court specifically found was not credible. The trial court found that for it to accept Benway's version of events, it would have to believe "some very unlikely things that just based on common experience just [do not] happen." Tr. Vol. I p. 38. The trial court found Benway guilty as charged and, on December 12, 2017, sentenced him to an aggregate sentence of 361 days of incarceration with 301 suspended.

# Discussion and Decision

[4] Benway contends that the State failed to rebut his claim that he acted in self-defense.

> When a defendant challenges the State's sufficiency of the evidence to rebut a claim of self-defense, the standard of review remains the same as for any sufficiency of the evidence claim. We neither reweigh the evidence nor assess the credibility of witnesses but look solely to the evidence most favorable to the judgment with all reasonable inferences to be drawn therefrom. We will affirm a conviction where such evidence and reasonable inferences constitute substantial evidence of probative value sufficient to support the judgment.

> Self-defense is recognized as a valid justification for an otherwise criminal act. When raised, a defendant must establish that he or she was in a place where he or she had the right to be, acted without fault, and was in reasonable fear or apprehension of death or great bodily harm. Once a defendant claims self-defense, the State bears the burden of disproving at least one of these elements beyond a reasonable doubt for the defendant's claim to fail. The State may meet this burden by rebutting the defense directly, by affirmatively showing the defendant did not act in self-defense, or by simply relying upon the sufficiency of its evidence in chief. Whether the State has met its burden is a question of fact for the jury.

*Miller v. State*, 720 N.E.2d 696, 699–700 (Ind. 1999) (citations omitted).

[5] In general, "[s]elf-defense [...] is unavailable to a defendant who is the initial aggressor[.]"[1] *Id*. at 700. The evidence most favorable to the trial court's judgment indicates that Benway was the initial aggressor, with both Singleton and Rosanski testifying that he was. Singleton testified that Benway first pushed her and then started hitting her when she asked him to leave. Rosanski testified that Benway let himself into the house, "started tripping out on [Singleton,]" and "ended up getting on top of her and [...] hitting her." Tr. Vol. II pp. 16, 17. Benway points to his testimony that Singleton attempted to slap him first and that, when he tried to defend himself, he was attacked by Rosanski and Singleton's father's girlfriend. The trial court, however,

---

[1] Indiana Code section 35-41-3-2(g) provides, in part, that "a person is not justified in using force if [the person is] the initial aggressor unless the person withdraws from the encounter and communicates to the other person the intent to do so and the other person nevertheless continues or threatens to continue unlawful action." Benway does not claim, much less establish, that the altercation in this case fits within this scenario.

specifically found Benway's testimony to be incredible, which was its

prerogative. Benway's argument is nothing more than an invitation to reweigh

the evidence, which we will not do.

[6] The judgment of the trial court is affirmed.


Bailey, J., and Mathias, J., concur.